UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRIYON DELLOMAR FORD,

    *Plaintiff*,

v().

EQUIFAX INC.,

    *Defendant*.

Civil Action No. 25-1940 (TJK)

## MEMORANDUM

Plaintiff Briyon Dellomar Ford, proceeding pro se, filed this action in June 2025 against Defendant Equifax Inc. ECF No. 1. Ford alleges Equifax failed to follow the Truth in Lending Act's credit investigation procedures, which caused his credit report to be inaccurate and "damage[d]" his "credit profile." *Id*. at 4. Equifax moved to dismiss the complaint for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). ECF No. 7. For the reasons explained below, the Court will grant the motion as conceded and dismiss the case.

On August 21, 2025, Equifax moved to dismiss the complaint for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5), alleging that Ford had failed to serve a copy of the complaint as required by Federal Rule of Civil Procedure 4(c)(1). ECF No. 7-1 at 2–3. The next day, the Court ordered Ford to respond by September 5, 2025, or risk the Court treating the motion as conceded and dismissing the case. *See* ECF No. 9 at 1. On September 5, 2025, Ford filed a change-of-address notice, ECF No. 11,[1] and moved for an extension of time to respond to

---

[1] Ford does not file or receive filed documents electronically. The Court's August 22 order was returned as undeliverable on September 18, 2025, but the Clerk's office resent it to Ford's new address. ECF No. 13. The Court's September 10 and November 20 orders were sent to Ford's new address as well.

Equifax's motion to dismiss, ECF No. 10. But Ford, among other deficiencies, failed to show good cause why the extension should be granted under Federal Rule of Civil Procedure 6(b)(1). Thus, the Court denied the motion—but told Ford that he could correct those deficiencies and renew his request for an extension. Minute Order of Sept. 10, 2025. But by November 20, 2025, Ford had neither responded to Equifax's motion nor moved for an extension of time to do so. So the Court gave Ford a final chance and ordered him to show cause, by December 2, 2025, why it should not grant Equifax's motion as conceded and dismiss the case. Minute Order of Nov. 20, 2025. That date also passed without a response from Ford.

Under Local Civil Rule 7(b), if a party does not respond to a motion to dismiss within the prescribed time, "the Court may treat the motion as conceded." This case presents a "straightforward" application of Rule 7(b), as Ford has "simply fail[ed] to respond" to a dispositive motion for—at this point—over 100 days "despite having been warned of the consequences." *Makell v. FedChoice Fed. Credit Union*, No. 19-cv-2364 (TJK), 2019 WL 13255496, at *1 (D.D.C. Dec. 23, 2019) (quotations omitted); *see also Davenport v. United States*, No. 07-cv-56 (RJL), 2007 WL 2122394, at *1 (D.D.C. July 24, 2007) (granting motion to dismiss as conceded where "plaintiff failed to file an opposition to defendants' motion to dismiss, even when the Court issued an Order requiring the plaintiff to do so or face the consequences of it being treated as conceded").

For all the above reasons, the Court will grant Equifax's Motion to Dismiss as conceded and dismiss the case. A separate order will issue.

/s/ Timothy J. Kelly  
TIMOTHY J. KELLY  
United States District Judge

Date: December 4, 2025